OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF WYLIE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE REINSTATEMENT OF WYLIE
2014 OK 107
Case Number: SCBD-6051
Decided: 12/08/2014
THE SUPREME COURT OF OKLAHOMA 
Cite as: 2014 OK 107, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT RELEASED FOR PUBLICATION. 

IN THE MATTER OF THE REINSTATEMENT OF: JOHN MARION WYLIE, TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS.
ORDER OF REINSTATEMENT TO THE OKLAHOMA BAR ASSOCIATION AND ROLL OF ATTORNEYS
¶1 John M. Wylie (Petitioner) has petitioned for reinstatement to membership in the Oklahoma Bar Association (OBA) and to the Roll of Attorneys pursuant to Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2001, ch. 1, app. 1-A (RGDP). The OBA, after an investigation, and the Professional Responsibility Tribunal (PRT) after holding a hearing, recommended reinstatement. The OBA has not received any objections to Petitioner's reinstatement. 
¶2 Petitioner was admitted to the practice of law in Oklahoma on September 25, 1997. He practiced law until July 2007 when he was voluntarily admitted to Red Rock Crisis Intervention Unit in Norman for inpatient treatment. He has not practiced law since that nine-day stay. In the months following his inpatient treatment, three clients filed written grievances with the Oklahoma Bar Association, all alleging neglect of client matters. 
¶3 In July 2008, Petitioner filed with the Court a resignation pending disciplinary proceedings. The Petitioner admitted violations of Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings and Rules 1.3, 1.4 and 1.5 of the Oklahoma Rules of Professional Conduct, as well as his "oath as an attorney." In each of the three client grievances, the Petitioner failed to communicate with his clients in a timely manner. In all three instances, Petitioner refunded fees and no monies were paid on his behalf from the OBA's Client Security Fund. 
¶4 Since July 2007, the Petitioner has been consistently treated for bi-polar disorder, the condition which precipitated his actions resulting in client grievances and ultimately his resignation. After his resignation, the Petitioner applied for Social Security Disability benefits for his bipolar disorder. This request was approved and the Social Security Administration classified him as disabled. 
¶5 Since resigning from the practice of law, the Petitioner has worked as a convenience store clerk and as a paralegal. He has either refunded or attempted to refund all outstanding unearned fees back to the clients who filed grievances. No monies were spent from the OBA's Client Security Fund on his behalf. 
¶6 At Petitioner's request, the Social Security Administration reevaluated his case and determined in March 2014 that he was no longer disabled due to his treatment and improvement with regard to his bipolar disorder. 
¶7 Since resigning, Petitioner has been involved with Lawyers Helping Lawyers on a regular and voluntary basis, benefitting both himself and the participants. 
¶8 Petitioner has not practiced law and has entered no appearances in any Oklahoma courts since his resignation. He has complied with Rule 9.1, Rules Governing Disciplinary Proceedings.
¶9 The record shows Petitioner is of good moral character. See RGDP at R. 11.5(a). Witnesses testifying at the PRT hearing speak highly of the Petitioner's honesty and integrity. See RGDP at R. 11.4. 
¶10 Petitioner has regularly read the Oklahoma Bar Journal and completed 3 hours of CLE, and other non CLE courses or seminars sponsored by the Oklahoma Bar Association. Petitioner has also performed legal research and writing assignments for practicing attorneys, who have characterized his work as exemplary. Petitioner has shown by clear and convincing evidence that he has the competency and learning to qualify for readmission and should not be required to take the Oklahoma Bar Examination as a condition to reinstatement. See RGDP at R. 11.5(c).
¶11 Petitioner has satisfied the procedural requirements for reinstatement. See RGDP at R. 11.1. The Client Security Fund has not expended any money on behalf of Petitioner. See RGDP at R.11.1(b). Petitioner has met his burden to show by clear and convincing evidence the prerequisites to reinstatement found in Rule 11.5 of the RGDP.
¶12 It ordered that Petitioner pay the costs of this proceeding in the amount of $1,728.90. Petitioner's request for lenient repayment terms is granted. Petitioner and OBA are directed to reach a mutually satisfactory agreement for the repayment of costs, with all costs to be paid in full within one year of the effective date of this order.
¶13 It is ordered that Petitioner, John Marion Wylie, be reinstated to membership in the Oklahoma Bar Association and that his name be reinstated to the Roll of Attorneys licensed to practice law in the State of Oklahoma. 
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 8th DAY OF DECEMBER, 2014.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.